**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHAHRAM BEIKZADEH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-3975 |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF FORREST VIEW, JORGE SANCHEZ, and ERIK KULAGA, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff SHAHRAM BEIKZADEH, by and through his attorneys, ED FOX & ASSOCIATES, LTD., brings this Amended Complaint against Defendants VILLAGE OF FORREST VIEW, JORGE SANCHEZ, and ERIK KULAGA, alleging as follows:

### JURISDICTION AND VENUE

1. The cause of action arises under 42 U.S.C. § 1983.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and/or 1367.

3. This venue is proper under 28 U.S.C. § 1391 because the acts complained of arose in this District.

### PARTIES

4. At all relevant times, Plaintiff SHAHRAM BEIKZADEH ("Plaintiff") was a citizen of the United States of America and within this Court's jurisdiction.

5. At all relevant times, Defendants JORGE SANCHEZ ("Defendant Sanchez") and ERIK KULAGA ("Defendant Kulaga") (collectively "Defendant Officers") were police officers in the Village of Forest View Police Department. Defendant Kulaga was Defendant Sanchez's supervisor. Defendant Officers acted under color of state law

and within the scope of their employment. Plaintiff is suing Defendant Officers in their individual capacities.

6. At all relevant times, the VILLAGE OF FORREST VIEW ("Defendant Village") is a political division of the State of Illinois and serves as the employer of Defendant Officers. Defendant Officers acted as representatives, employees, and/or agents of Defendant Village. Under the doctrine of *respondeat superior*, Defendant Village bears liability for all state law claims committed by their representatives, employees, and agents acting within that scope.

**FACTUAL ALLEGATIONS**

7. On or about June 7, 2024, Plaintiff was lawfully inside the lobby of the Defendant Village Police Department requesting to speak to Defendant Kulaga.

8. Police officers informed Plaintiff that Defendant Kulaga was in a meeting and could not speak to Plaintiff at that moment.

9. Plaintiff informed the police officers that he would wait for Defendant Kulaga's meeting to conclude and then speak to him.

10. Defendant Sanchez entered the lobby.

11. Defendant Sanchez and Plaintiff spoke about Defendant Kulaga's meeting and availability.

12. Defendant Sanchez shoved Plaintiff.

13. There was no legal justification to shove Plaintiff.

14. Defendant Kulaga entered the lobby and instructed Defendant Sanchez and another police officer to place Plaintiff in handcuffs.

15. There was no legal justification for Defendant Kulaga to instruct Defendant

Sanchez and the other police officer to place Plaintiff in handcuffs.

16. Defendant Sanchez and the other police officer placed Plaintiff in handcuffs.

17. There was no legal justification to place Plaintiff in handcuffs.

18. Defendant Sanchez cited Plaintiff under Aggravated Battery, 720 ILCS 5/12-3.5(d)4 and Resisting Arrest, 720 ILCS 5/31-1(a).

19. Plaintiff neither battered anyone nor resisted arrest.

20. There was no legal justification to cite Plaintiff for violating any laws.

21. Defendant Officers released Plaintiff from the police station later that day.

22. On or about August 27, 2025, both charges against Plaintiff were dismissed, indicative of his innocence.

23. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation, indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

24. The actions and/or omissions mentioned above by Defendant Officers were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

25. Because of the actions and/or omissions mentioned above by Defendant Officers, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to him in the within action so that they might vindicate the loss and impairment of his

rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees under any relevant provision set by law.

**COUNT I**
**EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983**

26. Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-five (25) as though fully set forth at this place.

27. Defendant Sanchez used excessive force when he shoved Plaintiff without legal justification, causing him to suffer physical, emotional, financial, and/or other injuries. Through this conduct, Defendant Sanchez deprived Plaintiff of his right secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder. Therefore, Defendant Sanchez is liable under 42 U.S.C. § 1983.

**COUNT II**
**WRONGFUL DETENTION AND/OR FALSE ARREST IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983**

28. Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-five (25) as though fully set forth at this place.

29. Defendant Officers wrongfully detained and/or falsely arrested Plaintiff when they made physical contact with Plaintiff and/or personally placed or instructed others to place him in handcuffs without legal justification, causing him to suffer physical, emotional, financial, and/or other injuries. Through this conduct, Defendant Officers deprived Plaintiff of his right secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

**COUNT III**
**FAILURE TO INTERVENE IN VIOLATION OF THE FOURTH AMENDMENT**

**UNDER 42 U.S.C. § 1983**

30. Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-five (25) as though fully set forth at this place.

31. Defendant Kulaga failed to intervene when Defendant Sanchez and the other police officer detained and/or arrested Plaintiff without legal justification, causing him to suffer physical, emotional, financial, and/or other injuries. Through this conduct, Defendant Kulaga deprived Plaintiff of his right secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder. Therefore, Defendant Kulaga is liable under 42 U.S.C. § 1983.

**COUNT IV**
**BATTERY IN VIOLATION OF ILLINOIS COMMON LAW**

32. Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-five (25) as though fully set forth at this place.

33. Defendant Sanchez intentionally shoved Plaintiff without legal justification, causing him to suffer physical, emotional, financial, and/or other injuries. Through this conduct, Defendant Sanchez committed battery under Illinois common law. Therefore, Defendant City is liable under the doctrine of *respondeat superior*.

**COUNT V**
**FALSE IMPRISONMENT AND/OR FALSE ARREST IN VIOLATION OF ILLINOIS COMMON LAW**

34. Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-five (25) as though fully set forth at this place.

35. Defendant Officers intentionally falsely imprisoned and/or falsely arrested Plaintiff when they shoved him and/or personally placed or instructed others to place him in handcuffs without legal justification, causing him to suffer physical, emotional,

financial, and other injuries. Through this conduct, Defendant Officers committed false imprisonment and/or false arrest under Illinois common law. Therefore, Defendant City is liable under the doctrine of *respondeat superior*.

**PRAYER FOR RELIEF**

36. Defendants shall pay general damages to Plaintiff.

37. Defendants shall pay special damages to Plaintiff.

38. Defendants shall pay Plaintiff's attorney's fees.

39. Defendant Officers shall pay punitive and exemplary damages to Plaintiff.

40. Defendants shall pay the costs of the suit herein incurred to Plaintiff.

41. Plaintiff shall have such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

42. Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: June 11, 2025

Respectfully submitted,

*/s/ Peter T. Sadelski*
Peter T. Sadelski
Ed Fox & Associates, Ltd.
118 N. Clinton St., Ste. 425
Chicago, IL 60661
(312) 345-8877
petersadelski@efoxlaw.com
*Attorney for Plaintiff*